Case 1:22-cv-00019   Document 15   Filed on 06/23/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 23, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JUAN ANTONIO SALINAS, Plaintiff | § § § | |
| v. | § § | Civil Action No. 1:22-cv-19 |
| ANTONY J. BLINKEN, ET AL., Defendants | § § § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of the "Motion for Partial Dismissal" (hereinafter, Defendants' "Motion" or "Motion for Partial Dismissal") filed by Defendants Antony J. Blinken and the United States of America. Dkt. No. 8. Defendants' Motion was filed on May 3, 2022, and seeks the dismissal of the United States of America as a defendant in this lawsuit. *Id*. Plaintiff has not filed a response. Defendants' Motion should be granted because: (1) the Court lacks subject matter jurisdiction over the United States of America in this lawsuit; and (2) Plaintiff's counsel has informed the Court that Plaintiff is unopposed to the relief requested in Defendants' Motion. *See* Minute Entry Dated June 22, 2022 ("The Court asked Plaintiff's counsel if he was opposed to the partial motion to dismiss filed by the Government (Dkt. No. 8), and Plaintiff's counsel stated that he was unopposed to the relief requested in that motion[.]").[1]

Plaintiff's Complaint for Declaratory and Injunctive Relief asserts an 8 U.S.C. § 1503 claim against the United States which was also asserted by the plaintiff in *Gutierrez v. Tillerson, et al.*, No. 17-cv-111, 2017 WL 6044108 (S.D. Tex. Nov. 15, 2017), *adopted*, 2017

---

[1] Plaintiff's counsel also stated that he "will refrain from listing the USA as a defendant in future cases where the USA is not a proper defendant." *See* Minute Entry Dated June 22, 2022.

WL 6054941 (S.D. Tex. Dec. 6, 2017). *Compare* Dkt. No. 1 at pgs. 1, 5, *with Gutierrez v. Tillerson,* Dkt. No. 1 at pgs. 2, 9-10. In *Gutierrez,* the Court found that Gutierrez's claim against the United States was subject to dismissal because the United States was not a proper party under 8 U.S.C. § 1503(a). *Gutierrez,* 2017 WL 6044108, at *7-8. More specifically, because the plain language of § 1503 does not authorize actions against the United States, the Court found that it lacked the subject matter jurisdiction necessary to hear Gutierrez's claim against the United States. *Id*.

Plaintiff in the instant case does not oppose the dismissal of his claim against the United States. *See* Minute Entry Dated June 22, 2022 ("The Court asked Plaintiff's counsel if he was opposed to the partial motion to dismiss filed by the Government (Dkt. No. 8), and Plaintiff's counsel stated that he was unopposed to the relief requested in that motion[.]"). Additionally, Plaintiff has provided no facts or authority to distinguish his claim from the one brought in *Gutierrez,* and nothing is present in this case to command a different result from the result reached in *Gutierrez.* Accordingly, for the reasons provided by the Court in *Gutierrez,* which are incorporated here by reference, it is recommended that the Court **GRANT** Defendants' unopposed Motion for Partial Dismissal. Dkt. No. 8.

### Recommendation

It is recommended that the Court **GRANT** Defendants' unopposed Motion for Partial Dismissal. *See* Dkt. No. 8.

### Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **23rd** day of **June, 2022**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge