**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| JUAN ANTONIO SALINAS, § | |
| Plaintiff § | |
| § | |
| § | Civil Action No. 1:22-cv-019 |
| v. § | |
| § | |
| § | |
| ANTONY J. BLINKEN, § | |
| Defendant § | |

## MAGISTRATE JUDGE'S REPORT AND RECCOMENDATION

The Court is in receipt of Antony J. Blinken's "Motion to Dismiss for Lack of Subject-Matter Jurisdiction" (hereinafter, Defendant's "Motion"). Dkt. No. 28. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Defendant's Motion; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Juan Antonio Salinas, filed an application for a U.S. passport in September 2020. Dkt. No. 29-1. In support of his claim of birth in the United States, Salinas submitted a birth certificate that listed the place of birth as McAllen, Texas. Dkt. No. 3-1, Ex. 2. Salinas also listed as his "Mailing Address" and "Permanent Address" a residence on County Road 526 in Mansfield, Johnson County, Texas. Dkt. No. 29-1. The U.S. Department of State (hereinafter, "State Department") sent a letter to Salinas on September 22, 2020, asking Salinas for supplemental documentation. Dkt. No. 29-2. Salinas provided documentary evidence to prove his birth in McAllen, Texas. *Id.* On December 28, 2021, the State Department denied Salinas's passport application because it determined the additional documentation Salinas provided was not sufficient to

establish by a preponderance of the evidence that Salinas was born in the United States. *Id*.

Salinas filed his Complaint seeking a declaratory judgment under 8 U.S.C. § 1503; Salinas asserts he is entitled to a U.S. passport by virtue of his birth in McAllen, Texas in June 1985. Dkt. No. 1. Defendant filed its Motion on June 14, 2023, asserting that Salinas failed to meet the jurisdictional requirement under 8 U.S.C. § 1503(a). Dkt. No. 28. Plaintiff's "Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction" (hereinafter, Plaintiff's "Response") was filed on August 10, 2023. Dkt. No. 37. Defendant filed a "Reply in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction" (hereinafter, Defendant's "Reply") on August 28, 2023. Dkt. No. 41. This matter is now ripe for consideration.

## II. LEGAL STANDARDS

A party may move for a court to dismiss a plaintiff's cause of action on the basis that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proof that jurisdiction exists under Rule 12(b)(1). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curium) ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."); *Ambraco Inc. v. Bossclip B V*, 570 F.3d 233, 238 (5th Cir. 2009). In considering whether it has subject matter jurisdiction, a court may consider matters of fact that are either in dispute or outside the pleadings. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986); *Ambraco*, 570 F.3d at 238 (noting that both 12(b)(1) and (b)(3) allow courts to look past the pleadings to resolve disputed facts). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to

adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

### III. DISCUSSION

Salinas contends that Section 1503(a) entitles him to a declaratory judgment of citizenship based on the State Department's denial of his passport application. Dkt. No. 1. While Defendant acknowledges that Salinas has stated a claim under Section 1503, it challenges the Court's ability to consider the claims for lack of subject matter jurisdiction. Dkt. No. 28. The parties' dispute centers around the meaning of the statutory phrase, "resides" or "claims a residence." Dkt. Nos. 28, 37, & 41. Salinas, then, must establish that he either "resides" or "claims a residence" in the Southern District of Texas (hereinafter, this "District") at the time he filed his Complaint. 8 U.S.C. § 1503(a).

#### A. Salinas has not carried his burden to demonstrate that he "resided" in this District at the time he filed his lawsuit.

Under 8 U.S.C. § 1503(a) of the Immigration and Nationality Act (hereinafter, "INA"), "[a]n action under this subsection ... shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is hereby conferred upon those courts." 8 U.S.C. § 1503(a). "Residence" is defined for the purposes of Section 1503(a) as a person's place of general abode and more specifically defined as the person's principal, actual dwelling place in fact, without regard to intent. 8 U.S.C. § 1101(a)(33).

The Fifth Circuit has analyzed the meaning of the phrases "resides" and "claims a residence." *See Villafranca v. Pompeo*, 486 F. Supp. 3d 1078, 1082-88 (S.D. Tex. 2020). In determining whether a person resides at a location for purposes of the INA, courts look to non-exhaustive factors, including whether the plaintiff owned or rented a home in that judicial district, where he paid taxes, where any car was registered, where his possessions were located, and where his family members resided. *Villafranca*, 486 F. Supp. 3d at 1087 (internal citations omitted), *see also*, *Villarreal v. Horn*, 207 F. Supp. 3d 700, 708 (S.D. Tex. 2016). Based on the evidence submitted, the Court finds that Salinas has failed to demonstrate that when he filed his Complaint, he used a specific location within this District as his principal, actual dwelling place in fact, without regard to intent.

The Court considered the following evidence submitted by Salinas: (1) a copy of a six-month lease Salinas entered into for a house located in Harlingen, Texas, about a month prior to filing his Complaint Dkt. No. 37-1, Ex. A.1.; (2) an invoice from Jones & Crane, Attorneys at Law, paid by Salinas Dkt. No. 37-1, Ex. A2.; and (3) a check used to pay the law firm invoice, from Arferro Investments LLC, an Arlington, Texas based real estate company. *Id*. Other evidence Salinas submitted, and the Court considered, includes pictures of Salinas's time in Harlingen, utility receipts, a letter from Salinas's broker, and renewal of the residential lease. Dkt. No. 40. The additional evidence, however, does not bear on where Salinas lived when he filed his Complaint in February 2022. *Id*.[1]

Salinas offers scant evidence to show that at the time of filing, the Harlingen address represented his principal, actual dwelling place. Critically, more substantial evidence seems to show that Salinas held his principal, actual dwelling place in the Dallas-

---

[1] For example, none of the pictures submitted appear to have been taken at the time Salinas filed this lawsuit.

Fort Worth metroplex area (hereinafter, "D-FW area"). Salinas's voting and tax records list a D-FW area address. Dkt. Nos. 29-7 & 29-10. Salinas's business and personal possessions, and his family, are also in the D-FW area. Dkt. Nos. 29-1 & 29-3. The Court, then, finds that Salinas's did not carry his burden–based on the evidence submitted–to demonstrate that he resided in this District at the time he filed his lawsuit.

**B. Salinas did not "claim a residence" in this District when he initiated this action.**

To determine whether a person "claims a residence" in the judicial district, courts look to whether the plaintiff has represented his principal, actual dwelling place when he filed the lawsuit. *Villafranca*, 486 F. Supp. 3d at 1088; *Flores*, 936 F.3d at 276. In *Villafranca,* the Court provides an example to illustrate the distinction between "resides" and "claims a residence." *Villafranca*, 486 F. Supp. 3d at 1086-87.

> Assume that a professor owns and has physically lived in a home in Brownville for several uninterrupted years, including at the time of filing a Section 1503(a) lawsuit. The professor files an affidavit affirming these facts. Absent substantial controverting evidence, the professor would most likely satisfy the "resides" standard. If, however, the professor spent a year as a visiting teacher at an Iowa university, living near the Iowa campus throughout that year, then the professor could not file at that time as a person who "resides" in the Southern District of Texas, Brownsville Division. In such a case, the professor could submit evidence that for the past several years up through the filing of the lawsuit, she has claimed a homestead exemption for the Brownsville property under Texas law, has applied a deduction for the interest on her home mortgage on her federal tax return for several years, and is registered to vote and has a valid driver's license using the Brownsville address. Such evidence would support a finding that while the professor at the time of filing does not "reside" at the Brownsville address, she "claims a residence" there.

*Id.*

Following this analysis, the evidence also reveals that Salinas did not "claim a residence" in this District when he initiated this action. In fact, the only relevant evidence

Salinas offers is the original lease, the renewed lease, utility receipts, and a few miscellaneous pictures. Dkt. No. 40. Salinas has not shown that in 2022, he claimed in any manner that the Harlingen address represented his principal, actual dwelling place. The payment of utilities and rent alone do not demonstrate that an address is an individual's actual dwelling place. *Villafranca*, 486 F. Supp. 3d at 1088. Salinas does not allege that the service provider required him to reside at the listed address. *Id*. Said another way, the evidence Salinas presents only shows that he, at some point, rented an apartment in Harlingen. It is not evidence that he claimed the residence as his principal, actual dwelling place when he initiated this action.

The Court, then, finds that Salinas has not carried his burden to demonstrate that he claimed a residence in this District at the time he filed his lawsuit.

## IV. RECOMMENDATION

For the reasons stated above, it is recommended that the Court: (1) **GRANT** Defendant's Motion; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED** on this **12th** day of **September, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III
United States Magistrate Judge**