United States District Court
Southern District of Texas
**ENTERED**
December 07, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN ANTONIO SALINAS, §<br>"Plaintiff," §<br>§<br>v. §<br>§<br>ANTONY J. BLINKEN, §<br>"Defendant." § | Civil Action No. 1:22-cv-00019 |

## ORDER ADTOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 42), Plaintiff's "Objections to Magistrate Judge Torteya, III September 12, 23, 2023 Report and Recommendation (Oral Argument Requested)" ("Objections") (Dkt. No. 46), Plaintiff's "Advisory as Related to Case in Plaintiff Sister Case Cristina Salinas (1:22-cv-134)" (Dkt. No. 47), Defendant's "Response to Plaintiff's Objections to the Magistrate Judge's R&R" (Dkt. No. 48), and Plaintiff's "Sur-reply to Defendant's Response to Plaintiff's Objections" (Dkt. No. 51).

### I. BACKGROUND

The U.S. Department of State denied Plaintiff's application for a U.S. passport. Dkt. No. 1. Plaintiff sued under 8 U.S.C. § 1503(a) for declaration that he is a United States citizen entitled to a passport. Dkt. No. 1. Plaintiff alleges he "resides" and "claims a residence" in Harlingen, Texas, because he rents an apartment there. *Id.* Defendant filed a "Motion to Dismiss" ("MTD") (Dkt. No. 28) alleging the Court lacks subject matter jurisdiction under 8 U.S.C. § 1503(a) because Plaintiff resides or claims a residence outside the Southern District of Texas in Mansfield, Texas, where he owns property and conducts business.

The Magistrate's R&R recommends the Court grant Defendant's MTD (Dkt. No. 28) and direct the Clerk of the Court to close this case. Dkt. No. 42.

### II. DISCUSSION

Plaintiff's request for a hearing (Dkt. No. 46) is **DENIED**. *See* L.R. 6(B).

If a party objects to a magistrate's rulings, the district court will review de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). An action brought under 8 § 1503(a) must be filed in a district court where the claimant "resides or claims a residence."

Plaintiff argues the Magistrate erred by not considering *Flores v. Pompeo*, 936 F.3d 273 (5th Cir. 2019) to define the "resides or claims a residence" clause. Dkt. No. 46. The Magistrate

cites *Villafranca v. Pompeo*, 486 F. Supp. 3d 1078, 1082 (S.D. Tex. 2020), which relies on *Flores*, 936 F.3d 273, to define the "resides or claims residency" clause. Dkt. No. 42 at 4; *see Villafranca v. Pompeo*, 486 F. Supp. 3d at 1082 (citing *Flores*, 936 F.3d at 276). Under stare decisis, the Magistrate appropriately considered *Flores*' holdings.

Plaintiff also argues the Magistrate erroneously considered evidence of Plaintiff's intent to return to Mansfield, which is irrelevant in proving § 1503(a) jurisdiction. Dkt. No. 46. The evidence the Magistrate considered (i.e., the address listed on Plaintiff's voter registration and tax returns, and the location of his business, family, and personal possessions) is evidence other courts analyze to determine whether a person "use[s] a specific location as [their] principal, actual dwelling place in fact, without regard to intent." *Villafranca*, 486 F. Supp. 3d at 1087 (citing cases). Thus, the Magistrate appropriately found Plaintiff's residence rather than domicile.[1]

Plaintiff also requests that the Court take judicial notice of *Cristina Salinas v. Antony Blinken*, No. 1:22-cv-134, 2023 WL 7165868, (S.D. Tex. Oct. 31, 2023). Plaintiff's sister, Cristina, also sued Defendant under 8 U.S.C. § 1503(a) for a declaration that she is a United States citizen. *Id.* at *1. Cristina alleged she resided with Plaintiff at their Harlingen residence, and Defendant moved to dismiss alleging Cristina also resided in Mansfield, Texas. *Id.* at *1, 3. Despite owning property and business in North Texas, the Court found Cristina "resided" in Harlingen because she returned to Mansfield for medical appointments and work, no longer had immediate family in Mansfield, moved all her personal possessions in Mansfield into a storage locker, and began doing business in South Texas. *Id.* at *6-7. By contrast, Plaintiff returned to Mansfield for his children's birthdays, his wife of 18 years and 3 children remained in Mansfield, his personal possessions remained in his family home in Mansfield, and there is no evidence he began working in South Texas before suing. Dkt. No. 16-2 at 7; Dkt. No. 29 at 14-15, 44-45. Thus, the Court finds Cristina's circumstances are distinguishable and is not persuaded to find Plaintiff resided in Harlingen before he filed his lawsuit.

For these reasons, Plaintiff's Objections (Dkt. No. 42) are **OVERRULED.** After de novo review, the Court finds Plaintiff has not met his burden of proving he resided or claimed a residence in the Southern District of Texas before he sued. Thus, the R&R (Dkt. No. 42) is **ADOPTED.**

---

[1] Rather, it is Plaintiff that moves this Court to consider his intent to remain in Harlingen, arguing he resides in Harlingen when he is there "for business purposes." Dkt. No. 46 at 11.

## III. CONCLUSION

For these reasons, Plaintiff's request for a hearing is **DENIED**. Plaintiff's Objections (Dkt. No. 46) are **OVERRULED**. The R&R (Dkt. No. 42) is **ADOPTED**. Defendant's MTD (Dkt. No. 28) is **GRANTED**. The Clerk of the Court is **ORDERED** to close this case.

Signed on this \_\_\_7th\_\_\_ day of December, 2023.

Rolando Olvera
United States District Judge